Amy L. Gordon, Esq. (143560)
Mitchell L. Wong, Esq (170856)
Andrew Ford, Esq (237481)
**Gordon & Wong Law Group, P.C.**
510 Myrtle Ave., Suite 102
South San Francisco, CA 94080
(877) 275-4979, (650)583-9010 fax
Our File Number: 06-4086

ATTORNEY FOR Plaintiff,
FIA CARD SERVICES, N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| WENDI NOBLE & JEFFREY NOBLE<br><br>Plaintiffs<br><br>v.<br><br>GORDON & WONG LAW GROUP, P.C.<br><br>Defendant | CASE NO.:   CV09 07812 CAS (RCx)<br><br>ANSWER TO COMPLAINT |

Defendant GORDON & WONG LAW GROUP, PC hereby submits its answer to the complaint filed in this action by plaintiffs WENDI NOBLE & JEFFREY NOBLE ("PLAINTIFFS")

1.    In answer to Paragraph 1 of the complaint, Defendant avers that the contents of both the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code s. 1788 et seq. and the Federal Fair Debt Collection Practices Act, 15 U.S.C. s. 1692 et seq. are self explanatory. Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

2.    In answer to Paragraph 2 of the Complaint regarding Plaintiffs allegation that Plaintiffs are "consumers" as defined by 15 U.S.C. s. 1692a(3) Defendant admits, on information and belief, that Plaintiffs are natural persons. Defendant lacks sufficient knowledge to form a belief as to whether Plaintiffs' financial obligation was incurred primarily for personal, family or household purposes and therefore can neither admit nor deny whether Plaintiff qualifies as a "consumer" as defined by 15

1. U.S.C. s. 1692a(3). Moreover, this Defendant does not have sufficient information as to JEFFREY NOBLE's relationship with Wendi Bastieri to make a legal conclusion as to his status as a consumer and therefore Denies the allegation as to JEFFREY NOBLE. Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3. In answer to Paragraph 3 of the Complaint, regarding Plaintiffs allegation that Plaintiffs incurred a "debt" as defined by 15 U.S.C. s. 1692a(5). Defednant admits that it attempted to collect a financial obligation from Plaintiff. Defendant lacks sufficient information and knowledge on which to form a belief as to whether Plaintiff's financial obligation was incurred primarily for personal, family or household pursposes and therefore can neither admit nor deny whether it qualifies as a "debt" as defined by the 15 U.S.C. 1692a(3). Except as herein admitted, the remaining allegations of Paragraph 3 are denied.

4. In answer to Paragraph 4 of the Complaint, Defendant is unable to admit or deny that it was retained by the owner to collect the debt although depending on the time and date alleged it is likely that Defendant was retained. Except as herein admitted, the remaining allegations of Paragraph 4 are denied.

5. In answer to Paragraph 5 of the Complaint, Defendant is informed and believes that Plaintiff WENDI NOBLE is the same person as Wendi Bastieri and that an attempt to collect a financial obligation from Wendi Bastieri. Defendant lacks sufficient knowledge to form a belief as to whether Plaintiff's financial obligation was incurred primarily for personal, family or household purposes and Defendant admits that it has, at times, acted as a "debt collector" as defined by 15 U.S.C. s. 1692a(6). Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

6. In answer to Paragraph 6 of the Complaint, Defendant does not have sufficient information regarding this claim to admit or deny whether this claim was filed within the timeframe permitted under the FDCPA. Except as admitted herein, the remaining allegations of Paragraph 6 are denied.

7. In answer to Paragraph 7 of the Complaint, Defendant upon information and belief admits that WENDI NOBLE filed a Chapter 7 bankruptcy as alleged.Except as admitted herein, the remaining allegations of Paragraph 7 are denied.

8. In answer to Paragraph 8 of the Complaint, Defendant does not have sufficient knowledge to

admit or deny that the debt in question was listed on Plaintiffs' bankruptcy petition. Except as admitted herein, the remaining allegations of Paragraph 8 are denied.

9. In answer to Paragraph 9 of the Complaint, Defendant denies the allegation.

10. In answer to Paragraph 10 of the Complaint, Defendant denies the allegation.

11. In answer to Paragraph 11 of the Complaint, Defendant denies the allegation.

12. In answer to Paragraph 12 of the Complaint, Defendant denies the allegation.

13. In answer to Paragraph 13 of the Complaint, Defendant admits that it received a fax cover sheet from Legal Helpers based in Chicago Illinois referencing a Jeffrey and Wendi Noble. Except as admitted herin, the remaining alegations of Paragraph 13 are denied.

14. In answer to Paragraph 14 of the Complaint, Defendant denies the allegation.

15. In answer to Paragraph 15 of the Complaint, Defendant denies the allegation.

16. In answer to Paragraph 16 of the Complaint, Defendant denies the allegation.

17. In answer to Paragraph 17 of the Complaint, Defendant incorporates by reference paragraphs 1 to 16 above as if set forth fully herein.

18. In answer to Paragraph 18 of the Complaint, Defendant denies the allegation.

19. In answer to paragraph 19 of the Complaint, Defendant incorporates by reference paragraphs 1 to 19 above as if set forth fully herein,

20. In answer to paragraph 20 of the Complaint, Defendant denies the allegation.

21. In answer to paragraph 21 of the Complaint, Defendant incorporates by reference paragraphs 1 to 21 above as if set forth fully herein.

22. In answer to paragraph 22 of the Complaint, Defendant denies.

23. In answer to paragraph 23 of the Complaint, Defendant cannot admit or deny this jury trial request.

24. In answer to paragraph 24 of the Complaint, Defendant incorporates by reference paragraph 1 to 23 above as if set forth fully herein. Defendant denies that Plaintiff is entitled to any relief requested in their Prayer for Relief.

## FIRST AFFIRMATIVE DEFENSE:

Each purported cause of action contained in the Complaint fails to state a claim against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

The claims alleged in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE:

To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

## FOURTH AFFIRMATIVE DEFENSE:

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE:

Defendant acted in good fatih at all times in its dealings with Plaintiff(s), and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

## SIXTH AFFIRMATIVE DEFENSE:

Plaintiff(s), although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that she may have adn is therefore barred from recovering damages, if any from Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has waived her rights, if any, to recover the relief she seeks in the Complaint based

upon her own conduct and admissions with respsect to the financial obligation at issue.

### EIGHTH AFFIRMATIVE DEFENSE:

Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

### NINTH AFFIRMATIVE DEFENSE:

Without admitting that any damages exist, if damages were suffered by Plaitnfiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendant. The liability, if any exists, of Defendant and/or any responsible parties, named or unamed, should be apportioned according to their relative degrees of fault, and the liability of Defendant should be reduced accordingly.

### TENTH AFFIRMATIVE DEFENSE:

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was cuased by intervening or supervening events over which Defendant had or has not control.

### ELEVENTH AFFIRMATIVE DEFENSE:

To the extent that Pliantiff(s) suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault fromother persons and/or entities causing or contributing to such damages, if any.

### TWELFTH AFFIRMATIVE DEFENSE:

The actions of Defendant complained of in the Complaint constitute communic ations that were made in good faith and in anticipation of or in connection with ongoing litigation and Plaintiff's claims are therefore barred, in whole or in part, by the California litigation privilege

and/or the *Noerr-Pennington Doctrine*.

### THIRTEENTH AFFIRMATIVE DEFENSE:

Defendant, a law firm, is not a "debt collector" as defined by the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code s. 1788 *et seq.*

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant's conduct is protected under the First Amendment of the United States Constitution and the California Constitution. Plaintiff's proposed interpretation of provisions of the FDCPA must be rejected as it would place an unreasonable restraint upon Defendant's First Amendment rights, thereby raising serious constitutional issues.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiffs take nothing by reason of the Complaint which should be dismissed with prejudice.
2. That Defendant recover reasonable attorneys' fees according to proof.
3. That Defendant recover costs of suit according to proof.
4. That the Court orders such other further reasonable relief as the Court deems just and proper.

DATED: February 16, 2010  GORDON & WONG LAW GROUP, P.C.

By: _____
Mitchell L. Wong
Attorneys for Defendant